UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CACHIL DEHE BAND OF WINTUN INDIANS OF THE COLUSA INDIAN COMMUNITY, a federally recognized Indian Tribe,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA; and CALIFORNIA GAMBLING CONTROL COMMISSION, an agency of the State of California,<br><br>        Defendants. | CASE NO. 2:07-CV-01069-FCD-KJM<br><br>MEMORANDUM AND ORDER |

----oo0oo----

This matter comes before the court on plaintiff's, Cachil Band of Wintun Indians of the Colusa Indian Community's ("Colusa"), motion to amend its First Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[1]  For the

/////

---

[1]  All further references to a "Rule" are to the Federal Rules of Civil Procedure.

reasons set forth below,[2] plaintiff's motion is GRANTED; Colusa may file an amended complaint if it adds the Governor as a party defendant to its proposed Third Claim for Relief.

Plaintiff filed a proposed First Amended and Supplemental Complaint ("FASC") in this action on November 30, 2007. The proposed FASC asserts a Third Claim for Relief against the defendants, the State of California ("State") and the California Gambling Control Commission ("CGCC"), for failure to negotiate amendments to Colusa's Class III Gaming Compact ("Compact") with the State in good faith. (FASC, Exhibit A to Decl. of Jay B. Shapiro, filed Nov. 30, 2007, ¶¶ 33-37).  Colusa seeks an order: (1) declaring that the State of California failed to negotiate with Colusa in good faith concerning the amendments of the Compact and (2) directing the State and Colusa to conclude amendments to Colusa's Compact within 60 days from the date of this court's order. (Id. at 10). Defendants oppose Colusa's motion for leave to file the FASC on the ground that Colusa must join the Governor as a party defendant. (Def.'s Opp'n to Pl.'s Mot. to Amend, filed Jan. 4, 2008, at 2).

Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend her complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Proc. 15. Otherwise, a plaintiff may amend the complaint only by written consent of the adverse party or by leave of court. Id. Pursuant to Rule 15(a), "leave [to amend] is to be freely given

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

when justice so requires." "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).

The State of California's obligation to negotiate in good faith with Colusa derives from the Indian Gaming Regulatory Act ("IGRA"), at 25 U.S.C. § 2710. The IGRA governs tribal-state compacts and requires the State to "negotiate with the Indian tribe in good faith to enter into such compacts." 25 U.S.C. § 2701(d)(3)(A). If a State fails to negotiate in good faith, the IGRA provides that a court "shall order the State and the Indian Tribe to conclude such a compact within a 60 day period." Id. § 2710(d)(7)(B)(iii).

The California Constitution delegates the authority to negotiate the terms of Tribal-State Class III Gaming Compacts to the Governor. Cal. Const. art. IV, § 19(f) ("[T]he Governor is authorized to negotiate and conclude compacts."). This authorization is codified in the California Government Code, which provides:

> The Governor is the designated state officer responsible for negotiating and executing, on behalf of the state, tribal-state gaming compacts with federally recognized Indian tribes located within the State of California pursuant to the federal Indian Gaming Regulatory Act of 1988 (U.S.C. Sec. 1166 to 1168, incl., and 25 U.S.C. Sec. 2701 et seq.) for the purpose of authorizing class III gaming, as defined in that act, on Indian lands within the state.

Cal. Gov. Code § 12012.25(d). Thus, it is the Governor's responsibility, on behalf of the State, to negotiate with the Indian Tribes regarding the Compact.

3

1      Plaintiff seeks in the FASC for this Court to order the
2 State and Colusa to conclude amendments to Colusa's Compact
3 within 60 days.  (FASC at 10).  While the IGRA provides that the
4 state must negotiate with Indian tribes in good faith, California
5 has delegated that duty to the Governor.  Under the existing
6 statutory scheme, an order requiring the State of California to
7 negotiate in good faith is most appropriately directed at the
8 Governor as the official with the authority and responsibility to
9 implement it.  See Hagood v. Southern, 117 U.S. 52, 69 (1886)
10 ("If the State is named as a defendant, it can be reached . . .
11 through its officers and agents, and a judgment against it . . .
12 could be reached and affected through its official
13 representatives.").  This court cannot accord compete relief if
14 it cannot order the Governor to negotiate in good faith with
15 Colusa.  See id.; see also Fed. R. Civ. Proc. 19(a)(1) ("A person
16 . . . must be joined as a party if: in that person's absence, the
17 court cannot accord complete relief among existing parties.").
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

Therefore, because plaintiff's proposed Third Claim for Relief is properly brought against the Governor, Colusa's proposed FASC that does not include the Governor as a named defendant is futile.  However, because this claim would not be futile if the Governor is added as a defendant, plaintiff is GRANTED leave to amend its complaint.  Plaintiff may file its amended complaint within twenty (20) days of this court's order. Defendants shall file an answer or otherwise respond within twenty (20) days of receipt of the amended complaint.  A new joint status report shall be filed within forty-five (45) days of defendants' response.

IT IS SO ORDERED.

DATED: January 24, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE